Wachtler, J.
(concurring). The defendant was searched incident to a lawful arrest and the only question is whether the search was otherwise prohibited by the rule established in People v. Marsh (20 N Y 2d 98) recently expanded in People v. Adams (32 N Y 2d 451). In those cases we simply held that an arrest for a traffic violation does not in itself justify a full search of the person or his belongings (People v. Marsh, supra) even when the offense is defined as a misdemeanor, i.e., a crime, under the Vehicle and Traffic Law (People v. Adams, supra). Since the defendant in the case now before us was arrested for criminal trespass — and not for a traffic offense — I agree that the Marsh principle does not preclude the incidental search.
However, I would emphasize one point which Judge Jasen has alluded to in his opinion. It now appears that the Fourth Amendment may not require a police officer effecting a traffic arrest to exercise the same degree of restraint that we required in Marsh (see United States v. Robinson, 414 U. S. 218). Although our holding in that case was influenced, in part, by *355 Federal constitutional principles, it was primarily an expression of State policy found in the State Constitution and the legislative intent underlying the arrest provisions of the Vehicle and Traffic Law. Thus an affirmance of the conviction here should not be considered a subtle undermining of that rule in deference to recent Supreme Court developments. Marsh is essentially predicated on State law and it stapds firmly on that ground alone.
Chief Judge Bbeitel and Judges Gabbielli, Jones and Rabin concur with Judge Jasen ; Judge Waohtleb concurs in result in a separate opinion; Judge Stevens taking no part.
Order reversed and the case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.